**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>ARTURO JULIAN GALVIN,<br><br>        Defendant. | Case No. 19-cr-01787-BAS-32<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR CLARIFICATION (ECF No. 1976)** |

**I.  BACKGROUND**

On February 14, 2022, this Court sentenced Defendant after his guilty plea to conspiracy to distribute methamphetamine ("current offense"). (ECF No. 1864.) At the time he committed the current offense, Defendant was a Bureau of Prisons ("BOP") inmate who was using a contraband cell phone to facilitate methamphetamine purchases. (ECF No. 209.) His prior conviction out of the Southern District of Ohio was unrelated to the current offense. (ECF No. 1976.)

At the time of Defendant's sentencing, defense counsel requested that the Court impose any sentence in the current offense concurrent with remaining time on defendant's Ohio case. (ECF No. 1858; ECF No. 2016 ("Sentencing Tr.") 6:12–13.) The Government

deferred to the Court on the issue but did point out that "Defendant was serving a sentence for drug trafficking while he was engaged in this new conduct, [and] that would argue in favor of consecutive." (Sentencing Tr., 18:10–12.)  Ultimately, the Court agreed that the sentence for the current offense should run consecutive to the sentence in the Ohio case. (*Id.* 19:5–7.)

Defendant now moves this Court to order credit for the time he spent in custody on the unrelated matter from the Southern District of Ohio. (ECF No. 1976).  The Government opposes.  (ECF No. 2009.)

## II.   ANALYSIS

To determine whether jurisdiction is proper, a court must first ascertain whether the petition is filed pursuant to 28 U.S.C. § 2241 or § 2255 before proceeding on any other issues.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000.)  A prisoner who challenges the validity or constitutionality of his sentence does so under § 2255.  *Stephen v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  On the other hand, a prisoner challenging the manner of the sentence's execution, for example, custody credits, must bring a petition under § 2241.  *Brown v. United States,* 610 F.2d 672, 677 (9th Cir. 1990).  This must be filed in the "custodial court"—the court in which the prisoner is incarcerated.  *Hernandez*, 204 F.3d at 864.

To the extent Defendant is simply contesting the BOP's failure to give him custody credits for the time served in the Ohio case, this is the wrong venue for such a request.  Defendant is currently housed in the Northern District of Georgia.  Therefore, such a request must be filed with that court.

However, Defendant styles his request as a "Motion to Clarify" and appears to be asking this Court to modify his sentence to now order that his sentence run concurrently with the Ohio sentence.  The time for such a modification under Rule 35 has expired, and thus, the only avenue by which such modification could be accomplished is under 18 U.S.C. § 3582 where "extraordinary and compelling reasons warrant" such a change.

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.*

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons including the Medical Condition of the Defendant, Age of the Defendant, and Family Circumstances—none of which is applicable to this case. *See* U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1 (last revised 11/1/21).

Post-*Aruda*, "district courts are empowered to consider any extraordinary and compelling reason for release . . . even if not enumerated by the Sentencing Commission's statements." *United States v. Wright*, No. 19-cr-4286-GPC, 2022 WL 673265, at *3 (S.D. Cal. Mar. 7, 2022). "The Court may therefore consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons." *Id.* As the movant, however, Defendant bears the burden to establish that he is eligible for compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Defendant simply fails to establish extraordinary or compelling reasons why his original sentence should be modified. Nor does this Court find such a modification would be warranted under § 3553(a). The two sentences were for completely unrelated conduct. In fact, Defendant's conduct in this case was aggravated by the fact that he conducted the criminal activities with a contraband cell phone while already incarcerated. A concurrent sentence is thus necessary to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

//
//

### III. CONCLUSION

To the extent Defendant is arguing the BOP incorrectly calculated his custody credits, such a request would be proper only under § 2241, and this Court has no jurisdiction to consider the request. Furthermore, this Court made it clear at sentencing that it was imposing the two sentences concurrent to each other.

To the extent Defendant is requesting that his sentence be modified, the Court denies the request. Defendant fails to show extraordinary or compelling reasons for the request. In addition, the Court finds the § 3553(a) factors counsel against such a modification. Defendant's Motion for Clarification (ECF No. 1976) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 5, 2023**

Hon. Cynthia Bashant
United States District Judge